DECISION
Plaintiff-appellant, Randall D. Rodock, appeals from a judgment of the Franklin County Court of Common Pleas finding defendant's termination of plaintiff was justified.
Plaintiff was employed as a police officer for defendant-appellee, Village of Minerva Park, Ohio. As a result of a complaint filed against plaintiff by a resident of the village, plaintiff was ordered to appear before the Internal Affairs Bureau. When plaintiff failed to do so, he was terminated by Chief Hillard on November 17, 1997.
Plaintiff ultimately filed an action in the common pleas court against defendant alleging defendant violated R.C. 737.19. The common pleas court agreed and ordered plaintiff reinstated.
After plaintiff's reinstatement, plaintiff was notified on September 1, 1998, that the complaint had been re-opened. On September 14, 1998, plaintiff was notified by Hillard to contact Lieutenant Joe Walters of the Internal Affairs Bureau between September 21, 1998 and September 24, 1998, to schedule an appointment concerning the complaint. Plaintiff contacted Walters and informed him that his first available date was Saturday, October 10, 1998. When Walters advised plaintiff the office was closed on the weekends, plaintiff stated he might be available around Thanksgiving. Finding plaintiff's unavailability unacceptable, Hillard ordered plaintiff to appear Thursday, September 24, at 9:30 a.m. before Walters. Plaintiff failed to appear.
On September 30, 1998, Hillard notified plaintiff that he was suspended for thirty days: "Pursuant to the _Minerva Park Police Department, Rulesof Conduct of the Operational Policies. Section 1.06, General Order 1-92, and Title 7, Section 737.19(b), you are hereby suspended from duty for 30 days with pay pending further action from the Minerva Park Police Department. This cause for suspension is your failure to obey a lawful written order to appear before the Franklin County Sheriff's Department, Internal Affairs Bureau on said date of September 24, 1998 at 9:30 am. This suspension will take effect beginning October 1, 1998 until October 31, 1998." (Plaintiff's Exhibit 28.) A copy of the letter was forwarded to the Mayor, Jack R. Murray.
On October 5, 1998, Murray notified plaintiff that after reviewing the letter of suspension, dated September 30, 1998, "I have inquired into the cause of the suspension and it is my judgment that you be removed from the department as of October 10, 1998." (Plaintiff's Exhibit 9.) The matter was heard before the village council, which affirmed the mayor's judgment. Plaintiff appealed to the Franklin County Common Pleas Court, where a jury upheld plaintiff's termination.
Plaintiff appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE CONCERNING PLAINTIFF'S TERMINATION FROM A PREVIOUS EMPLOYER.
 II. THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY REGARDING THE FAILURE OF DEFENDANT'S MAYOR TO RENDER A JUDGMENT.
Plaintiff's first assignment of error contends the common pleas court erred in admitting evidence concerning plaintiff's termination from a previous employer.
In his opening argument, defendant stated, "[y]ou will hear the evidence that Mr. Rodock was terminated by the Franklin County Sheriff's Department." (Tr. 36.) Plaintiff objected, and the objection was overruled. Defendant's counsel continued, "Why? Because he failed to obey a direct order." (Id.) Later, during plaintiff's examination of Hillard in plaintiff's case-in-chief, plaintiff inquired "[a]nd you knew that [plaintiff] had been terminated prior to coming to work for Minerva Park." (Tr. 59.)
By voluntarily introducing testimony concerning plaintiff's prior termination through direct examination of his witness, plaintiff waived any objection to the initial mention of that subject in opening statement. Klein v. Dietz, M.D. (Dec. 16, 1998), Mahoning App. No. 95 CA 47, unreported, citing State v. Miller (1988), 56 Ohio App.3d 130, 132. Plaintiff cannot in one instance complain of defendant introducing the issue and then inquire on direct examination regarding the identical issue without waiving his prior objection. Id. Because evidence of plaintiff's termination from the Franklin County Sheriff's Office was received at plaintiff's instance, any error in defendant raising the issue in opening statement was waived. See State v. Washington (Aug. 12, 1993), Franklin App. No. 93AP-122, unreported; State v. Wilson (1982),8 Ohio App.3d 216. Moreover, after plaintiff elicited testimony from Hillard on the topic, defendant properly could inquire further about it. Accordingly, plaintiff's first assignment of error is overruled.
Plaintiff's second assignment of error contends the common pleas court erred in not instructing the jury regarding the failure of defendant's mayor to render a judgment as required under R.C. 737.19(B), which states:
 If an employee is suspended, the marshal shall immediately certify this fact in writing, together with the cause for the suspension, to the mayor of the village, and shall immediately serve a true copy of the charges upon the person against whom they are made. Within five days after receiving this certification, the mayor shall inquire into the cause of the suspension and shall render a judgment on it. If the mayor sustains the charges, his judgment may be for the person's suspension, reduction in rank, or removal from the department.
In accordance with the foregoing and after instructing the jury on the burden of proof and the "just cause" element for plaintiff's termination, the court instructed as follows: "If you find from the evidence that the mayor, within five days after receiving notice of the plaintiff's suspension from the chief, inquired into the cause of the suspension and rendered a judgment on it then you will find for the defendant. If you find that this procedure was not followed you should find for the plaintiff. It should be noted that a failure by the defendant to follow this procedure, even if the defendant had just cause to terminate the plaintiff, would render the termination void as a matter of law." (Tr. 273-274.)
Plaintiff, however, requested the following language from the memorandum decision and judgment entry of Wiseman v. Village ofWaynesville (Apr. 21, 1982), Warren App. No. 456, unreported, be incorporated into the jury instruction:
 A judgment implies that the mayor has engaged in at least an informal inquiry into the situation, has contemplated the facts and issues involved, and has then issued what can at least be classified as a quasi-formal decision. In other words, one which is in writing, which lists a simple statement of the facts and issues involved, and which concludes that the suspension is either justified or not justified. Id. at 2.
In response to plaintiff's argument, we note initially that the trial court's instructions were a proper statement of applicable law in the case and adequately informed the jury of the law. The trial court's failure to give a specific instruction is not error. State v. Spindler
(Dec. 14, 1982), Franklin App. No. 82AP-516, unreported.
Moreover, we cannot discern prejudice to plaintiff from the trial court's refusal to incorporate the language plaintiff requested. The record discloses that the judgment rendered by the mayor substantially complied with Wiseman: the mayor made an independent inquiry into the situation and having concluded that termination was justified, entered a judgment terminating plaintiff. By contrast, Wiseman noted that the mayor there failed to make any inquiry into the circumstances or render any judgment, oral or written, and thus was not in compliance with the statute. Accordingly, plaintiff's second assignment of error is overruled.
Having overruled both of plaintiff's assignments of error, we affirm the judgment of the trial court.
 _________________ BRYANT, J.
DESHLER and TYACK, JJ., concur.