OPINION
This appeal is brought pro se by Nathan Graham from the judgment of the Municipal Court of Findlay, Ohio, granting summary judgment to the City of Findlay Police Department.
The record presents the following limited facts. On September 28, 1998 plaintiff-appellant Nathan Graham (Graham), and a woman identifying herself as Kristen L. Roland purchased several pieces of stereo equipment totaling $1635.25. from Audio Clinic, a retail outlet for stereo equipment. The woman paid for the merchandise with a check drawn on an account from Fifth-Third Bank which was later returned to the Audio Clinic, unpaid and stamped account closed.
The owner of the Audio Clinic, Patricia Snook notified the Findlay Police Department. Later, the police brought Snook to the police station to examine Nathan Graham's car which had been sized under a valid search warrant. Snook identified several items as those purchased by the woman and Graham and thereafter undertook to have one of her employees remove the equipment from Graham's car.
The items were tagged as evidence and remained with the police department until Snook was advised to come to the police department to retrieve her property. According to Snook, she was told that Graham picked up his car on October 23rd, 1998 and that all other stereo equipment not relating to the "bad check" sale was returned to him.
On October 20, 2000 Graham filed a civil complaint, pro se, in the Findlay Municipal Court, Small Claims Division seeking reimbursement from the City of Findlay Police Department for portions of the stereo equipment that he alleged was wrongly taken from him. The City of Findlay filed an answer denying the allegations in the complaint. Upon motion of the defendant, the matter was transferred to the to the regular civil docket of the Findlay Municipal Court.
Graham, who at the time of filing was serving a prison sentence for a matter wholly unrelated to the case at bar, filed a Motion to Convey in order to appear at the pre-trial hearing. The trial court denied the motion. Graham's mother, Becky Graham, attended two pre trial hearings and the hearing on defendant's motion for summary judgment as his attorney-in-fact pursuant to Graham's grant of power of attorney.
On May 21, 2001 Graham filed a motion with the trial court requesting a public defender for trial and again requesting to be transferred from the Mansfield Correctional Facility so that he could attend all court proceedings. Again, his motion was denied. On June 7, 2001 the City of Findlay filed a Motion for Summary Judgment which was granted on July 2, 2001. It is from this order that Graham now appeals.
Appellant raises the following assignments of error:
 The Trial Court abused its discretion in denying plaintiff's Motion for Appointment of Counsel
 The trial court abused its discretion in denying Plaintiff's Motion for Conveyance.
 The trial court abused its discretion on granting summary judgment on behalf of the defendant-City of Findlay, Ohio Police Department
 The Judge abused his discretion in not recusing himself from this case after acknowledging on the record that he had signed a search warrant pertaining to this matter than clearly favored the appellant.
Initially, we note that "[i]t is axiomatic that a court of appeals is bound by the record before it and may not consider facts extraneous to the record." State v. Ishmail (1978), 54 Ohio St.2d 402. Furthermore, Appellate Rule 16(A)(6) provides that an appellate brief shall contain a statement of facts relevant to the assignments of error presented for review, with appropriate references to the record. Contrary to these stated rules, appellant's statement of facts is wholly unsubstantiated by reference to the record. Furthermore, upon our own review, we find the appellant's statement of facts to be unsupported by the record. Therefore, we will not consider allegations of fact as stated in Graham's statement of facts or any other allegations of fact in his brief that are not properly attributed to the record.
In his first assignment of error Graham alleges that the trial court erred when it denied him a court appointed attorney thereby denying him due process of law. While the Fifth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, guarantees the right to be represented by counsel in criminal proceedings, litigants have no generalized right to appointed counsel in civil actions. State ex rel. Jenkins v. Stern (1987), 33 Ohio St.3d 108,110. See also Roth v. Roth (1989), 65 Ohio App.3d 768. Graham brings this case on his own accord and faces no criminal penalty depriving him of loss of life, liberty or property. Therefore, Graham has no right to appointed counsel. Accordingly, Appellant's first assignment of error is overruled.
In his second assignment of error Graham asserts that the trial court erred by denying his Motion for Conveyance making it impossible to appear in court on this matter. Generally, prisoners who bring civil actions have no constitutional right to be personally present at any stage of the judicial proceedings and a ruling on the request of an incarcerated criminal to prosecute a pro se civil action by requiring penal authorities to transport him to a preliminary hearing or trial rests within the sound discretion of the trial court. Holt v. Pitts (C.A.6, 1980), 619 F.2d 558, 560-561. The United States Supreme Court has stated:
 "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those so limited is the otherwise unqualified right given by § 272 of the Judicial Code, 28 U.S.C. § 394 [now Section 1654, Title 28, U.S.Code], to parties in all courts of the United States to `plead and manage their own causes personally.' " Mancino v. Lakewood (1987), 36 Ohio App.3d 219, 221 (citing Price v. Johnston
(1948), 334 U.S. 266, 285-286)
Furthermore, a trial court's denial of a Motion to Convey shall be upheld absence abuse of discretion. Nakoff v. Fairview Gen. Hosp.(1996),75 Ohio St.3d 254, 256. In Mancino, supra, the Eight District Court of Appeals established the following criteria to be weighed when a trial court considers a motion to convey a prisoner in a civil action:
 (1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison;
 (2) whether he is capable of conducting an intelligent and responsive argument;
 (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse;
 (4) any potential danger or security risk the prisoner's presence might pose;
(5) the substantiality of the matter at issue;
(6) the need for an early resolution of the matter;
 (7) the possibility and wisdom of delaying the trial until the prisoner is released;
(8) the probability of success on the merits; and
 (9) the prisoner's interest in presenting his testimony in person rather than by deposition.
Here, the only argument that Graham asserts is that his case was damaged because his mother, who was "forced" to appear before the court, had no knowledge of legal procedures or proceedings. There is no claim that Graham's attorney in fact is also an attorney at law or otherwise qualified to represent others in a legal proceeding. Ms. Graham, as an attorney in fact for her son, had the option to seek counsel to represent Graham in the action. Likewise, Graham himself could have hired an attorney to better represent his rights.
We do not find Graham's argument to be well taken and accordingly overrule the second assignment of error.
In his third assignment of error Graham argues that the trial court erred when it granted the City of Findlay's motion for summary judgment on the grounds that Graham failed to produce affidavits rebutting those offered by the City of Findlay thereby leaving no issue of material fact.
In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers
(1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388, 1389-1390.
Ohio Civil Rule 56(C) provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686-687. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial. Id. at 293. The non-moving party is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
In the case sub judice the movant, City of Findlay, presented the affidavit of Penny L. Snook, owner and operator of the Audio Clinic establishing that any property taken from Graham's car lawfully belonged to Audio Clinic and that any other equipment not belonging to Audio Clinic was returned to Graham. Snook's statement shifted the burden to Graham to submit evidence to the contrary. Graham did not meet this burden as he failed to submit any evidence in conformity with Civ.R.56(C). Accordingly, there was no issue of material fact with regards to the ownership of the property taken from Graham's car and thus summary judgment for the City of Findlay was proper. Graham's third assignment of error is overruled.
In his fourth assignment of error, Graham asserts that the trial judge should have recused himself when he realized that it was he who, in a prior criminal action, issued the search warrant resulting in the seizure of the property Graham now claims.
Graham did not file an affidavit of prejudice with the Chief Justice of Ohio who alone is authorized to determine the existence of cause for recusal or removal of a judge in a particular case. "The Supreme Court has specifically held that a court of appeals has no authority to determine issues on the disqualification of trial judges. The Ohio Constitution grants exclusive jurisdiction over these issues to the Chief Justice and his designees. " Kondrat v. Ralph Ingersoll Publishing Co. (1989), 56 Ohio App.3d 173, 174 (citing Beer v. Griffith (1978),54 Ohio St.2d 440.)
A judge may, of course, recuse himself when he recognizes his conflict of interest in a particular case, or when such is brought to his attention. Graham filed no motion or affidavit in the trial court requesting such recusal. Furthermore, we have not been directed to the place in record where it became or should have became apparent to the trial judge that his conflict of interest was evident or claimed to be so. This court is not obliged to search the record for some evidence of claimed error. Four Winners, Inc. v. Columbus Dev. Regulation Div. Admr. (1992), 83 Ohio App.3d 118. Rather, an appellant must tell the appellate court specifically where the trial court's alleged errors may be located in the transcript. State v. Miller (1988) 56 Ohio App.3d 130.
Moreover, it is unclear what the conflict is claimed to be. Graham was not charged with any crime respecting the property in question. The judge is not claimed to have or to have asserted any ownership or other personal interest in that property. Graham has neither articulated or demonstrated how the outcome of the proceeding would have been otherwise with a different judge presiding or in what other way unfair prejudice has resulted from the judicial acts in the municipal court proceedings.
We have previously determined the inapplicability to this case of theSixth Amendment to the United States Constitution. Therefore, we do not further address Graham's specious claim that if counsel had been appointed for him, that counsel would have requested recusal or removal of the trial judge and that the outcome would have been different.
In essence, Graham is asking this court to remove the trial judge from the case after an unfavorable judgment has been entered against him. We have no power to do so if indeed we were so disposed, for a court of appeals has no authority to determine the issues of disqualification of trial judges. Beer v. Griffith (1978), 54 Ohio St.2d 440. In the absence of a prior determination by the Chief Justice as to the disqualification of a trial judge, that judge may not conduct the proceedings unless stayed pending the Chief Justice's decision.
In summary, we do not perceive any invalidity of the judgment entered below based on either the bias or plain error of the trial judge who appears to have acted properly in all respects discernable from the record before us.
The fourth assignment of error is overruled.
For the reasons stated above it is the order of this Court that the judgment of the Municipal Court of Findlay, Ohio is hereby AFFIRMED.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.