THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

[Cite as State *v.* Brown (1984), 12 Ohio St. 3d 147.]

(No. 83-1902—Decided July 18, 1984.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Ms. Sharon L. Ovington,* for appellee.

*Mr. Thomas A. Schaffer,* for appellant.

CELEBREZZE, C.J.

I

The first of three issues raised by this appeal is whether the jury's verdict was inconsistent so as to warrant setting it aside. Appellant argues that the jury's verdict that he was insane as to two of the rape charges but sane as to the remaining charges is inconsistent and, under the circumstances of this case, the jury's option was to find appellant either not guilty by reason of insanity or guilty as to all counts.

This court held in *State* v. *Adams* (1978), 53 Ohio St. 2d 223 [7 O.O.3d 393], at paragraph two of the syllabus that:

"The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count. (*Browning* v. *State,* 120 Ohio St. 62, approved and followed.)"

Although the jury's verdict reflects that appellant satisfied his burden of proof on the insanity defense on two rape counts, guilty verdicts on the remaining counts are not necessarily inconsistent or contradictory. Notwithstanding that appellant does not contend that an inconsistency exists within a single count in the indictment, the record more than adequately supports the jury's finding that appellant was only insane as to two of the rape counts.

One of appellant's experts, John Heideman, testified that appellant's "borderline personality" could fade "in and out of sanity." In addition, Heideman testified as follows:

"Q. When did the temporary insanity occur?

"* * *

"A. From the time of ejaculation to the early morning hours until complainant [Daily] and [appellant] were having coffee together."

Consequently, the jury could have found that appellant was insane from the time he first accosted Daily until the time he and Daily went into the kitchen for coffee. Since the record amply supports two incidents of rape during that period, the jury was within the evidence to render verdicts of not guilty by reason of insanity as to two counts of rape.

Accordingly, the judgment of the court of appeals on this issue is affirmed.

## II

The second issue raised by appellant is whether his convictions for rape and/or gross sexual imposition should be merged with his kidnapping conviction pursuant to R.C. 2941.25.

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In *State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242], this court ruled that rape and kidnapping were offenses of similar import for purposes of application of R.C. 2941.25(A). In *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373], we outlined under what circumstances convictions for both kidnapping and another offense of the same or similar kind would be allowed to stand. The syllabus in *Logan, supra,* states in part:

"In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:

"(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions; * * *."

Thus, the general rule is that where the kidnapping offense and underlying similar offense are committed separately and with a separate, different animus, convictions for both offenses will be sustained. See, also, *State* v. *Price* (1979), 60 Ohio St. 2d 136 [14 O.O.3d 379], paragraph five of the syllabus. The question becomes whether appellant possessed an animus in

committing the rape and gross sexual imposition offenses separate from the kidnapping offense.

We must agree with the conclusion reached by the court of appeals that "appellant had a separate animus for the count of [r]ape and the count of [g]ross [s]exual [i]mposition." Applying the standard set forth in *Logan, supra,* the facts of the instant case clearly indicate that the kidnapping committed by appellant was not "merely incidental" to either the rape or gross sexual imposition charges. Appellant's victim suffered a prolonged restraint, approximately an eight-hour ordeal, and was held secretively as evidenced by the fact that she was kept incommunicado throughout the entire episode. Moreover, the record indicates that appellant bound and gagged his victim upon completion of his sexual attacks upon her which indicates that this particular restraint was performed to facilitate appellant's escape, not to facilitate a sexual attack. That being the case, the separate animus necessary to sustain convictions for kidnapping, rape, and gross sexual imposition was present.

Accordingly, the judgment of the court of appeals on this issue is affirmed.

### III

The third and final issue raised by appellant is whether the trial court failed to follow the mandatory sentencing guidelines set forth in R.C. 2929.12. This contention lacks any merit. Appellant appears to argue that simply because the trial court imposed consecutive sentences, the trial court failed to follow R.C. 2929.12. The trial court was legally authorized to impose consecutive sentences under R.C. 2929.41(B). Appellant has provided this court with no other indication that the trial court did not consider all the factors of R.C. 2929.12. As a result, this court, like the court of appeals, will not interfere in the decision of the trial court to impose consecutive sentences.

Accordingly, the judgment of the court of appeals on this issue is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.