THE STATE OF OHIO, APPELLEE, *v.* HUNTLEY, APPELLANT.

(No. C-850213 — Decided February 19, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Paul R. Markgraf* and *Patrick T. Dinkelacker,* for appellee.

*Timothy A. Smith,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Appellant, Stanley Huntley, and one Lynn Richard Larkin ("Larkin") were indicted by the Grand Jury of Hamilton County in a solitary count for the aggravated burglary of an occupied structure which was the permanent habitation of

Sandra Brown ("Brown").[1] The defendants were tried together in the court below with the intervention of a jury, which found appellant guilty of the lesser included offense of burglary. The jury found Larkin guilty of the lesser included offense of breaking and entering. Appellant was sentenced as appears of record and the trial court entered judgment accordingly.

The record reveals that Brown resided with her child and a male friend, John Hulsman ("Hulsman"), for approximately two years in apartment thirteen of 2298 Harrison Avenue in Cincinnati. In September 1984, Brown and Hulsman had a dispute, after which Brown left the Harrison Avenue apartment to reside with her mother. Brown testified that she left behind a substantial amount of furniture and other items of personalty.

During the week prior to November 1, 1984, Brown returned to the Harrison Avenue residence to clean and to do her laundry. During this sojourn, Brown noticed nothing improper within the premises. However, Brown and Hulsman returned on November 1, 1984 and discovered that the majority of Brown's possessions were missing. The pair consulted the owner of the apartment complex, Charles Bateson ("Bateson"), concerning the property. Bateson informed the couple that he had no knowledge of its whereabouts and accompanied them to the neighboring apartment of Tange Wilson ("Wilson").[2] Both Wilson and the appellant were present.[3] Upon being admitted, Brown and Hulsman observed that the missing property was situated in such a fashion as to indicate that it was being utilized by appellant and Wilson.[4]

Brown, Hulsman and Bateson next went to defendant Larkin's apartment, also located in the same building. There they observed more of Brown's furniture which was also positioned as if it were being used by the occupants.

The record further discloses that Bateson employed Robert Boss ("Boss") to change the locks on Brown's apartment. Boss accomplished this task on October 26, 1984. Bateson had instructed Boss to bring the keys to the rental office. However, upon completion of the project, Boss surrendered the keys to Wilson.[5]

Wilson also testified before the trial court that on October 25, 1984, the defendants entered Brown's apartment and removed the dinette table. Wilson claimed that she had removed the other property earlier, but that she had been instructed to do so by the property manager, Shirley Collins.[6] Wilson further acknowledged that Larkin and his wife,

---

[1] The instant appeal pertains to appellant Huntley only.

[2] Tange Wilson's apartment was directly across the hall from that of Brown and Hulsman. Wilson testified at trial that appellant was her boyfriend, a relationship that had endured for eight years. She denied that appellant lived with her. Wilson further acknowledged that she had been acquainted with defendant Larkin for three years.

[3] Charles Bateson testified before the trial court that appellant resided with Wilson.

[4] There is evidence in the record that pictures from the Brown-Hulsman apartment were on the wall. Further, Brown's dinette set was in the dining area with dirty dishes upon it. There is further evidence that after the police were summoned, appellant attempted to move the furniture into a single location within Wilson's apartment in order to create an impression that Brown's property was only being stored.

[5] Boss testified that Wilson told him he was to leave the keys with her, as Wilson was to clean and paint the apartment. The trial court permitted this hearsay testimony but cautioned the jury that such testimony was not being received for the truth of its content.

[6] Shirley Collins testified on rebuttal and

Stella, selected certain items of the property to take to their apartment in order to aid in the storage of it. Wilson also told the trial court that when Brown and Hulsman returned to her apartment on November 1, 1984 in the company of a police officer, they thanked Wilson for storing the property.

From the judgment of the court below, appellant brings this timely appeal in which he asserts five assignments of error. In his first assignment of error, appellant argues that the finding of guilty (of burglary) was contrary to law because it was inconsistent with the jury's finding that the co-defendant was guilty of breaking and entering. For the reasons that follow, we find the assignment of error to be well-taken.

The jury found appellant guilty of burglary. As we noted earlier, appellant and co-defendant Larkin were tried together, and the same jury concluded that Larkin was guilty of breaking and entering.

R.C. 2911.12 (burglary) provides:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

"(B) Whoever violates this section is guilty of burglary, an aggravated felony of the second degree."

R.C. 2911.13 (breaking and entering) provides:

"(A) No person[,] by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

"(B) No person shall trespass on the land or premises of another, with purpose to commit a felony.

"(C) Whoever violates this section is guilty of breaking and entering, a felony of the fourth degree."

It is clear from a comparison of the elements of the two crimes that the factor distinguishing one from the other is whether the structure in which the trespass occurred was *occupied.* In arriving at its verdict in the cause *sub judice,* the jury found Brown's apartment to be an occupied structure as to appellant, while it found the same premises to be an unoccupied structure as to Larkin. This is the inconsistency of which appellant now complains.

In *State* v. *Brown* (1984), 12 Ohio St. 3d 147, 12 OBR 186, 465 N.E. 2d 889, the Ohio Supreme Court reaffirmed in the syllabus what has been for some time the law of Ohio concerning inconsistent responses to the same count of an indictment:

"The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." (Citations omitted.)

From this predicate we conclude that the trial court erred when it entered the judgment and sentence on the jury's verdict as to the instant appellant. We are of the opinion, however, that the trial court could have entered a judgment that appellant was guilty of breaking and entering.

R.C. 2945.79 (causes for new trial) reads in pertinent part:

"(D) * * * [I]f the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but

denied instructing Wilson to obtain the keys to Brown's apartment, paint and clean it and remove Brown's possessions from within. She further stated that in October 1984, she reached an agreement with Hulsman that the security deposit would stand for that month's rent.

guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, provided that this power extends to any court to which the cause may be taken on appeal[.]'' See, also, Crim R. 33(A)(4).

It is therefore the order of this court that the judgment of the court below finding appellant guilty of burglary be modified to a finding that appellant is guilty of breaking and entering. It is further ordered that this cause be remanded to the trial court with instructions to impose sentence as authorized by R.C. 2911.13 and 2929.11. See *State v. Durham* (1976), 49 Ohio App. 2d 231, 239-240, 3 O.O. 3d 280, 285-286, 360 N.E. 2d 743, 749-750.

For his second assignment of error appellant postulates that the trial court erred by permitting the jury to consider the charge of aggravated burglary. The record reveals that the trial court charged the jury on the crime of aggravated burglary. The record is devoid, however, of any objection by appellant to such charge. Therefore, any error is deemed to be waived unless it is plain error. See Crim. R. 30.

We are of the opinion that the trial court did not err when it instructed the jury concerning the elements of aggravated burglary, R.C. 2911.11, which provides in pertinent part:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"* * *

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

From our review of the record, we conclude that there was evidence presented to the trier of fact from which it could have concluded that the premises *sub judice* was an occupied structure in which a person was likely to have been present. We previously recounted Brown's testimony that she returned to the premises in question during the week prior to November 1, 1984. There is also evidence in the record that Hulsman and another male companion resided in the apartment for a period of one week during October 1984.

It was appellant's position during oral argument of this cause that it would have been impossible for a person to have been present in the apartment after the locks were changed on October 26, 1984. However, it is reasonable to infer from the evidence in the record that one of the occupants of the apartment could have appeared while the items of personalty were being removed. We therefore find the assignment of error to be without merit and it is overruled.

* * * [7]

Appellant's second, third, fourth and fifth assignments of error are overruled. However, pursuant to our holding and instructions under the first assignment of error, the judgment of the trial court is modified, and as modified the judgment is affirmed; further, the cause is remanded for resentencing consistent with this decision and the law.

*Judgment accordingly.*

BLACK, P.J., DOAN and HILDE-BRANDT, JJ., concur.

_____

[7] Reporter's Note: The text of the opinion as it appears herein was abridged by the court.