JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellant's sole assignment of error upon our determination that the trial court did not abuse its discretion when, upon finding that the appellant had violated the terms of his probation, it imposed the maximum authorized sentences of confinement. The sentences imposed were within the limits authorized by statute, see R.C. 2919.22 and 2929.21, and the record is devoid of any suggestion that the sentencing court failed to consider the R.C. 2929.22 sentencing criteria. SeeState v. Adams (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; State v. Brown (1984), 12 Ohio St.3d 147,465 N.E.2d 889. We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on October 20, 1999 per order of the Court _______________________________.
 _________________ Presiding Judge