OPINION
Defendant-appellant, Chad Taylor, appeals the sentences imposed by the Butler County Court of Common Pleas in his conviction for burglary and vandalism.
In the early morning hours of August 21, 1998, Taylor, George M. Thomas, Christopher A. Quinn, and Rickey Harbrecht[1] broke into the Elkton Road residence of Daniel Frick and his family in Hamilton, Butler County, Ohio.[2] Harbrecht had discovered that the Frick family was on vacation. Believing there was a large safe in the house, the defendants broke into the house through a first floor window. After failing to discover the safe, the defendants ransacked the house for valuables and began loading the Fricks' Ford Escort, which was parked in the front drive, with stolen belongings. The defendants vandalized the house, urinating throughout the residence.
A next door neighbor noticed the defendants loading the Escort and promptly notified the police. Upon being discovered, Taylor and Thomas fled the scene on foot, going to Harbrecht's mother's house. Quinn and Harbrecht drove off in the Escort. They later unloaded the stolen belongings and set the car on fire.
On October 15, 1998, the Butler County Grand Jury returned a five-count indictment against the defendants. Taylor was charged with one count of burglary in violation of R.C. 2911.12(A)(3) and one count of vandalism in violation of R.C. 2909.05(A). On November 10, 1998, Taylor pled guilty to both counts. After informing Taylor of his rights and being assured that he was knowingly waiving those rights, the trial court asked to hear a brief statement of facts. Following the prosecutor's recitation of the indictment language specifically relating to Taylor, the trial court accepted the guilty pleas.
On January 6, 1999, Taylor appeared for sentencing. Taylor told the trial court he was sorry for committing the crimes. The trial court sentenced Taylor to a five-year term of imprisonment on the burglary charge, and to a concurrent twelve-month term of imprisonment on the vandalism charge. The trial court also ordered Taylor to pay a $10,000 fine on the latter charge. A sentencing entry was filed on January 11, 1999. Taylor now appeals, setting forth the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING THE MAXIMUM ALLOWABLE SENTENCE IN VIOLATION OF R.C. 2929.14 AND WITHOUT CONSIDERING THE FACTORS SET FORTH IN R.C. 2929.12.
In his sole assignment of error, Taylor contests the trial court's determination that he serve the maximum prison terms for his offenses. Taylor argues that the trial court failed to consider the seriousness and recidivism factors before it sentenced him to the maximum allowable terms for his offenses in violation of R.C. 2929.12. Taylor also argues that the trial court failed to make the necessary findings before it sentenced him to the maximum allowable terms for his offenses in violation of R.C. 2929.14(B). Based upon these arguments, Taylor contends he should have been sentenced to less than the maximum allowable terms of imprisonment for both burglary and vandalism.
An appellate court may not disturb a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing, that is, "to protect the public from future crime by the offender" and "to punish the offender." R.C.2929.11(A).
Once a trial court determines that a prison term is warranted, it must select a definite term from the range available pursuant to R.C. 2929.14(A)(1) through (5). Appellant was convicted on one count of burglary, a felony of the third degree, and on one count of vandalism, a felony of the fifth degree. The sentencing range for a third degree felony is a prison term of one to five years. R.C. 2929.14(A)(3). The sentencing range for a fifth degree felony is a prison term of six to twelve months. R.C. 2929.14(A)(5). If an offender has not previously served a prison term, the trial court must impose the minimum prison term unless the trial court finds on the record that to do so would "demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.) R.C. 2929.14(B). A trial court may impose the maximum prison term upon an offender for a felony only upon, inter alia, "offenders who committed the worst forms of the offense [or] upon offenders who pose the greatest likelihood of committing future crimes[.]" R.C. 2929.14(C).
When reviewing the seriousness of an offender's conduct, R.C.2929.12(B) directs the trial court to consider eight specific factors, including whether "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(2). When reviewing whether the offender is likely to commit future crimes, R.C. 2929.12(D) directs the trial court to consider five specific factors, none of which appear to be applicable here based upon the record before us. The trial court may also consider "any other relevant factors" pursuant to both R.C. 2929.12(B) and 2929.12(D).
Taylor first argues that the trial court violated R.C.2929.12 when it failed to consider the seriousness and recidivism factors before sentencing him to the maximum allowable prison terms for his offenses. The record shows that while the trial court did not discuss the R.C. 2929.12 factors during the sentencing hearing, it did state in its sentencing entry that it had "balanced the seriousness and recidivism factors Ohio Revised Code Section 2929.12."
Our response to Taylor's foregoing argument is twofold. First, we find that a balancing of the factors by the trial court necessarily involves a consideration of the factors by the court. Second, while R.C. 2929.12 requires a trial court to consider the factors it sets forth, it does not mandate that the trial court state on the record that it considered the factors. State v.Orlando (Nov. 18, 1998), 1998 Ohio App. LEXIS 5507, at *7, Lawrence App. No. 97CA57, unreported. Nor does it mandate an explicit recitation of the court's application of the facts to those factors. State v. O'Neal (Sept. 29, 1999), 1999 Ohio App. LEXIS 4515, at *8, Summit App. No. 19255, unreported.
As the Supreme Court of Ohio has held, "[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12. * * * Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with the evidence to rebut the presumption that the trial court considered the sentencing criteria." State v. Cyrus (1992),63 Ohio St.3d 164, 166 (citations omitted). We are mindful that Senate Bill 2 substantially revised the sentencing guidelines. However, "it did not include provisions changing or superseding the existing law outlined in Cyrus. If such a result were intended, the legislature could easily have said so." State v.Hamilton (May 14, 1999), 1999 Ohio App. LEXIS 2175, at *12, Darke App. No. 1474, unreported. We therefore find that the trial court did consider the R.C. 2929.12 factors before it sentenced Taylor.
Taylor also argues that the trial court failed to make the necessary findings under R.C. 2929.14(B) before it sentenced him to the maximum allowable terms for his offenses. In its sentencing entry, the trial court stated as to both counts that it "finds for the reasons stated on the record pursuant to [R.C.]2929.14(C) that [Taylor] has committed the worst kind of offense." The record shows that during the sentencing hearing, the trial court did not specifically recite the exact language of R.C.2929.14(B). Rather, the trial court stated that "the court will incorporate it's [sic] remarks as to sentencing in this particular case that I've previously indicated in the [companion] cases of Mr. Quinn and Mr. Thomas." The trial court also stated that "it's bad enough that anybody would feel compelled to steal. And then it angers me even more that they would break into a person's home and steal. But then when you just do the vandalism and just the cruel kind of unconscionable things that they did to the family * * *."
As already noted, in order to impose a longer than the minimum term sentence upon a first time offender under R.C.2929.14(B), the trial court must find on the record that the shortest prison term will either demean the seriousness of the crime or will not adequately protect the public from future crime by the offender or others. "A finding on either ground is sufficient to warrant imposition of a longer sentence." State v.Haines (Oct. 29, 1998), 1998 Ohio App. LEXIS 5332, at *6, Franklin App. No. 98AP-195, unreported.
We agree with Taylor that the trial court failed to specifically find in its judgment entry or on the record that sentencing him to the shortest terms for third degree and fifth degree felonies would either demean the seriousness of the crimes or fail to adequately protect the public from future crime. We nevertheless find that the trial court properly sentenced Taylor to the maximum allowable terms for both offenses for the following reasons.
First, the trial court clearly found in its entry that Taylor committed the "worst form of the offense" under both counts as required by R.C. 2929.14(C) for imposing maximum sentences. SeeState v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, unreported (holding that in the absence of either an oral or written finding that the accused committed the worst form of the offense, a court may not impose the maximum prison term allowable under R.C. 2929.14[A]). The trial court's comments during the sentencing hearing clearly indicate the basis of such finding. Taylor's offenses involved not only breaking into the victims' home, but also extensively vandalizing the home and urinating throughout the residence.
Second, "new sentencing laws do not `require talismanic words from the sentencing court'" before the court may impose a maximum sentence. State v. Finch (Dec. 3, 1998), 1998 Ohio App. LEXIS 5651, at *7, Franklin App. No. 98AP-145, unreported. Substantial compliance with the statute, however, is required. State v.Thomas (Aug. 30, 1999), Butler App. No. CA99-01-017, unreported, at 5. Substantial compliance will be found where the trial court has provided sufficient findings on the record to indicate the requirements of R.C. 2929.14(B) and (C). Id. Only in the total absence of any reasons given, orally or in writing, for imposing more than the minimum sentence must a matter be remanded for resentencing. State v. Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported.
While the trial court did not specifically make either of the two R.C. 2929.14(B) findings in its entry or on the record, it did incorporate the sentencing remarks it made in the companion cases of Quinn and Thomas into this particular case.[3] Like Taylor, Thomas was charged with one count of burglary and one count of vandalism in a five-count indictment against the defendants. Like Taylor, Thomas pled guilty to both counts on October 15, 1998 and was sentenced to the maximum allowable prison terms for both offenses. A review of the transcript of the January 6, 1999 sentencing hearing of Quinn and Thomas, which preceded Taylor's sentencing hearing that same day, shows that the trial court found that Quinn and Thomas committed "the worst form of the offense." Commenting on the defendants' conduct, the trial court stated:
 I've never ever * * * seen a case that I think is, is as egregious as this when it comes to a house burglary. * * * I just can't imagine coming home to what these people had to come home to. And, and just the kind of — just sheer vindictive, malicious things that you did to this family.
* * *
 Now the court is required to indicate on the law — or on the record, why the court believes that a maximum sentence is required in this particular case. And first of all, the court believes that this is the worst form of the offense of burglary. And I simply believe that, that upon considering the conduct in this particular case, which included not only burglarizing the house, but just absolutely — well, vandalism beyond anybody's conscience and then that (INAUDIBLE) subsequent conduct of, of stealing the car and torching the car, the court considers that unforgivable. And I just consider it's the worst possible form of the offense.
* * *
 Again, and the court considers the conduct in this particular case and the amount of damage and the — and just sheer vindictive cruel nature of the offense, that the court believes that the maximum sentence is necessary.
The foregoing remarks, along with the trial court's comments during Taylor's sentencing hearing and the trial court's sentencing entry, make it clear that the trial court felt that any sentence less than the maximum allowable prison term would demean the seriousness of Taylor's conduct as required by R.C.2929.14(B). Again, Taylor did not just steal from the Frick family. His conduct involved breaking into the Fricks' residence, ransacking it, vandalizing it extensively, and urinating throughout the residence.
A thorough review of the record clearly shows that the trial court found that Taylor committed "the worst form of the offense" as required by R.C. 2929.14(C) in imposing maximum sentences. It also clearly shows that even though the trial court did not use the "talismanic words" of R.C. 2929.14(B), the trial court believed that to impose less than the maximum term would demean the seriousness of Taylor's conduct as required by R.C.2929.14(B). Thus, the trial court substantially complied with R.C. 2929.14(B).
Upon thorough review and consideration of the record and the sentencing hearing, we find that the sentences imposed are supported by the evidence and by sufficient findings by the trial court and that they are within the statutory guidelines. We therefore hold that the trial court properly sentenced Taylor to a five-year prison term for a felony of the third degree and to a concurrent twelve-month prison term for a felony of the fifth degree. We point out, however, that in light of the unusual circumstances of this case as set forth in footnote three of this opinion, our holding is narrow and solely confined to the particular facts of the instant case. Taylor's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] When referred to collectively, Taylor, Thomas, Quinn, and Harbrecht will be referred to as "the defendants." Otherwise, they will be referred to individually.
[2] The facts of this case are taken from two companion cases, to wit: State v. Thomas (Aug. 30, 1999), Butler App. No. CA99-01-017, unreported, and State v. Quinn (Aug. 30, 1999), Butler App. No. CA99-01-018, unreported.
[3] The trial court's incorporation in the instant case of the sentencing remarks it made in the companion cases of Quinn and Thomas is not challenged on appeal. Regardless, we find it is not a good practice for a trial court to incorporate by reference fact findings from other cases. While under the law prior to Senate Bill 2 trial courts were not required to explain their findings of fact or reasons for a particular sentence, State v. Brown (1984),12 Ohio St.3d 147, the amendments promulgated by Senate Bill 2 require more detailed sentencing findings to better effectuate appellate review. We note, however, that this case presents unusual circumstances. The four defendants were indicted together in a five-count indictment. All four defendants pled guilty in November 1998. At least three of the sentencing hearings took place on the same day. More specifically, the sentencing hearing of Quinn and Thomas preceded Taylor's sentencing hearing. In light of these unusual circumstances, and while we do not condone the trial court's incorporation by reference of its sentencing remarks in the cases of Quinn and Thomas, we find no error.