O P I N I O N
This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, Eric N. Hoskins, appeals from the trial court's decision to impose more than the minimum sentence and to have his sentences run consecutively following his conviction on two counts of involuntary manslaughter.
On September 11, 1999, appellant was involved in an automobile accident which resulted in the death of two individuals. After a subsequent investigation, appellant was indicted on two counts of involuntary manslaughter in violation of R.C. 2903.04(B). Both counts contained specifications pursuant to R.C. 2903.04(D) alleging that the crimes were committed while appellant was operating his vehicle under the influence of alcohol. Appellant was also indicted on two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1), with each count containing a specification that appellant was operating his vehicle under the influence of alcohol, and another specification that appellant had previously been convicted of a violation of R.C. 4511.19. Appellant retained an attorney to represent him and entered a plea of not guilty to the charges.
On March 22, 2000, appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to both involuntary manslaughter counts. The remaining aggravated vehicular homicide charges were then dismissed upon the state's request. The trial court accepted appellant's guilty plea and referred appellant to the probation department for the preparation of a pre-sentence investigation report.
The sentencing hearing in this matter was held on May 31, 2000. At that time, the trial court sentenced appellant to serve four years on each count of involuntary manslaughter with the sentences to run consecutively. The trial court then permanently revoked appellant's driving privileges and ordered that he reimburse the victims' families for funeral expenses and other costs.
From this judgment entry, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error for our consideration:
 "[1.] The trial court erred when it failed to consider appellant for the minimum sentence.
 "[2.] The trial court erred by imposing consecutive sentences when the record did not support the imposition of consecutive sentences."
 In his first assignment of error, appellant argues that the trial court erred in sentencing him to more than the minimum prison term for involuntary manslaughter. According to appellant, the trial court never made a finding that the shortest prison term would demean the seriousness of his conduct or that the shortest prison term would fail to adequately protect the public from future crime committed by him.
Under the prior law governing sentencing, trial courts were not required to explain their findings of fact or reasons for a particular sentence. State v. Brown (1984), 12 Ohio St.3d 147. Now, however, R.C.2929.14(B) requires a sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. In interpreting this requirement, the Supreme Court of Ohio has held that:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before it can lawfully impose more that the minimum authorized." (Emphasis sic.) State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. See, also, State v. Lane (Dec. 22, 2000), Ashtabula App. No. 99-A-0067, unreported, at 19-20, 2000 Ohio App. LEXIS 6107.
 Furthermore, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." (Emphasis added.) Edmonson at 326. In other words, a trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id.
See, also, State v. Rone (Dec. 4, 1998), Ashtabula App. No. 98-A-0001, unreported, at 6, 1998 Ohio App. LEXIS 5813 (holding that the findings mandated by R.C. 2929.14 "must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing."). A sentence which merely repeats the language contained in R.C. 2929.14(B), without any indicia of a consideration of the factors set forth in R.C. 2929.12(B) and R.C. 2929.14(B), would be insufficient. State v. Hunt (July 7, 2000), Ashtabula App. No. 99-A-0033, unreported, at 4-5, 2000 Ohio App. LEXIS 3055.
After reviewing the record in the instant case, it is apparent that the trial court did not specify either of the reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentences in accordance withEdmonson. It is true that the trial court in the instant matter did speak of the seriousness of appellant's conduct and did state that the public would not be adequately protected from future crime.[1] These remarks, however, were made in respect to the imposition of consecutive sentences, not minimum sentences. Moreover, taking them in context, there is nothing in the record to remotely suggest that the trial court, at the same time, was considering the minimum sentence deviation. The court never made an express finding to support its deviation from the minimum sentence. Specifically, the trial court never found on the record "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B).
In fact, neither the transcript of the sentencing hearing nor the text of the sentencing entry contain any indication that the trial court ever considered imposing the minimum sentences and then departed from the statutorily mandated minimum based on one or more of the permitted reasons found in R.C. 2929.14(B). State v. South (June 23, 2000), Portage App. No. 98-P-0050, unreported, at 12, 2000 Ohio App. LEXIS 2768; Lane at 22. While we are extremely reluctant to burden the trial court with the necessity of determining how many angels can dance on the head of a pin, the present statutory directive allows us to do no less. As a result, appellant's first assignment of error has merit.
Under his second assignment of error, appellant submits that the trial court also abused its discretion when it imposed consecutive sentences. Again, appellant maintains that the trial court failed to provide sufficient findings of fact to justify consecutive sentences, and that the absence of such findings makes the sentence contrary to law.
R.C. 2929.14(E)(4) provides in relevant part:
 "(E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger of the offender poses to the public and if the court also finds any of the following:
"* * *
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 In Edmonson, the Supreme Court only addressed the trial court's duty with respect to sentencing an offender to the maximum term for a single offense. However, after considering the language of R.C. 2929.14(B) and R.C. 2929.14(E)(4), we believe that the same rational should apply when a trial court imposes consecutive sentences. State v. Barnes (July 21, 2000), Portage App. No. 98-P-0052, unreported, at 41-42, 2000 Ohio App. LEXIS 3294.
Moreover, when a trial court decides to impose consecutive sentences under R.C. 2929.14, the court must also follow the requirements set forth in R.C. 2929.19(B). State v. Fitzpatrick (Dec. 2, 2000), Lake App. No. 99-L-164, unreported, at 14-15, 2000 Ohio App. LEXIS 5608. Specifically, R.C. 2929.19(B)(2)(c) requires that the trial court justify its imposition of consecutive sentences by making findings that gives the court's reasons for selecting that particular sentence.
Here, the sentencing entry contains the following discussion with respect to the factors under R.C. 2929.14(E)(4):
 "The Court finds that the [appellant] has a history of criminal convictions and [appellant's] criminal history shows that consecutive terms are needed to protect the public and the harm was so great that a single term does not adequately reflect the seriousness of his conduct; the [appellant's] alcohol abuse pattern related to the offenses. It is likely the victims suffered pain and suffering as a result of the serious physical harm that led to their deaths. The Court further finds the [appellant] is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11; 2929.12(B) and (D); and 2929.14(E)(3)."
 The transcript of the sentencing hearing reveals little more. After discussing restitution, the trial court made the following observations:
 "[The Court] Also, let's deal with the matter of incarceration. Which you're going to be incarcerated, Mr. Hoskins. You have a criminal history which includes three driving under the influences plus one other alcohol-related charge.
 "Driving an automobile under the circumstances or driving your pickup truck under the circumstances that you operated your vehicle, I believe that nearly three hours after the accident the test was still .23 if I'm not mistaken. I may be. Is that right?
"* * *
 "So obviously, at the time of the collision between your pickup and the motorcycle, your blood alcohol content was even higher. Very likely higher, I should say. It's akin to firing a shotgun or a rifle just into a crowd of people as far as what you've done, as far as the danger that you were on that highway.
 "The fact that is was a motor vehicle I don't think changes the hypothetical that I set out here, because given your amount of alcohol content, there was just no way that you were in any way capable of operating that vehicle in any kind of safe manner. Just the same as firing a gun into a crowd of people.
 "I believe that the more serious factors in this case, of course, the charges are involving a death.
 "And you might say, well, what are the aggravating factors as a result of the death of two individuals? Well, the fact that the record would indicate, at least from what I've seen in the Presentence Investigation, that this collision was of such a nature that these victims very undoubtedly and very likely suffered some serious pain and suffering before their death. At least one of them may have.
 "So I consider that to be a more serious factor, one of the ones that I need to consider in sentencing.
 "I also considered the fact, as I mentioned to you before, that there has been a pattern of alcohol abuse on your part and that you have not responded favorably to sanctions previously imposed."
 As can be seen from the sentencing entry and transcript, the trial court made an effort to comply with R.C. 2929.14(E)(4) by finding that consecutive sentences were necessary to protect the public from future crime and that the harm was so great that a single term did not adequately reflect the seriousness of his conduct. Although the remarks made by the trial court may be inferred to support a finding that consecutive sentences were warranted, the court failed to make a finding on the record that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger appellant poses to the public. Because the trial court did not make the requisite findings under R.C. 2929.14(E)(4), it erred in imposing consecutive sentences. Accordingly, appellant's second assignment of error has merit.
On remand, the trial court is instructed to make specific findings on the record in accordance with R.C. 2929.14. If, upon reconsideration, the trial court determines that more than the minimum sentences are warranted, the court must specify either that the shortest prison term would demean the seriousness of the conduct, or that the minimum sentence would not adequately protect the public from future crime by appellant. Furthermore, if the trial court wishes to impose consecutive sentences, the court must find that consecutive sentences are necessary to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public and then consider the factors listed in R.C. 2929.14(E)(4)(a)-(c). While this may be an exercise in futility, this court, as well as the trial court, is bound to follow the statutory mandates provided by the General Assembly.
Based on the foregoing analysis, appellant's two assignments of error are well-taken. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
 ____________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, J., concurs, O'NEILL, P.J., dissents.
[1] The state asks this court to extrapolate from these comments that the trial court did consider imposing the minimum sentence.