OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Charles E. Bradford, Sr., appeals from the trial court's decision to impose more than the minimum sentence for his convictions on two counts of robbery and to have his sentences run consecutively.
The following procedural history is relevant to this appeal. On February 11, 2000, appellant was indicted by the Lake County Grand Jury on three counts of armed robbery, in violation of R.C. 2911.01(A)(1). Appellant entered a plea of not guilty at his arraignment, and the trial court appointed counsel to represent him.
After negotiations with the state, appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to one count of armed robbery and to two amended counts of robbery, in violation of R.C. 2911.02. The trial court accepted appellant's pleas and referred him to the probation department for the preparation of a pre-sentence investigation report.
The sentencing hearing on this matter was held on May 24, 2000. At that time, the trial court sentenced appellant to serve three years on each count with the sentences to run consecutively.
From this judgment, appellant filed a timely notice of appeal with this court. He now asserts the following assignments of error for our consideration:
 "[1.] The trial court erred by imposing upon the appellant a sentence that is contrary to law.
 "[2.] The trial court erred when it sentenced appellant to consecutive sentences."
 Under his first assignment of error, appellant argues that the trial court failed to properly consider the seriousness and recidivism factors found in R.C. 2929.12, and that the trial court's finding that community control sanctions would be inappropriate, and, therefore, incarceration was necessary, is not supported by the record. Additionally, appellant claims that the trial court also erred by sentencing him to more than the minimum sentence for his convictions on two counts of robbery because the court never made the statutorily mandated findings as required by R.C. 2929.14(B).
We begin by noting that in accordance with R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), Lake App. No. 98-L-262, unreported, at 4-5, 2000 Ohio App. LEXIS 1200. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. Statev. Wilson (June 23, 2000), Lake App. No. 99-L-026, unreported, at 4-5, 2000 Ohio App. LEXIS 2766. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id. at 5.
A trial court that imposes a sentence upon a felony offender has the discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. Statev. South (June 23, 2000), Portage App. No. 98-P-0050, unreported, at 7, 2000 Ohio App. LEXIS 2768. In exercising that discretion, the trial court must consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the conduct, the factors provided in R.C.2929.12(D) and (E) relating to the likelihood of the offender's recidivism, and any other factors that are relevant to achieving the purposes and principles of sentencing. South at 7-8.
In its sentencing entry, the trial court in the instant matter stated the following:
 "The Court has * * * considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug and alcohol evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12
 "In considering the foregoing, and for the reasons stated in the record, this Court finds that a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that [appellant] is not amenable to an available community control sanction."
 Appellant, however, argues that although the trial court may have stated that it considered the foregoing, the record does not support this finding. Specifically, appellant claims that there were several factors under R.C. 2929.12(C) that make his conduct less serious than that normally constituting the offenses; i.e., the absence of physical harm to a person or property, and the fact that appellant committed at least one of the robberies under duress.
The record before us supports the trial court's decision to impose a prison term as opposed to community control sanctions. While we recognize that appellant admitted to the trial court that he had a drug problem, which he claims was at the root of his criminal conduct, the fact remains that appellant has had this problem for some time and that past rehabilitation attempts have failed. Moreover, this was not an isolated, one-time incident. Rather, appellant, along with other individuals, participated in three different robberies with the ultimate purpose of obtaining money for drugs. The fact that appellant had not been in serious trouble before this is only one factor for the trial court to consider. Thus, after reviewing the record, we conclude that the trial court did not abuse its discretion in sentencing appellant to a prison term for his convictions.
Next, appellant maintains that the trial court failed to specify on the record its reasons for giving him more than the minimum sentence on his two robbery convictions.
Under the prior law governing sentencing, trial courts were not required to explain their findings of fact or reasons for a particular sentence. State v. Brown (1984), 12 Ohio St.3d 147. Now, however, R.C.2929.14(B) requires a sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. In interpreting this requirement, the Supreme Court of Ohio has held:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before it can lawfully impose more than the minimum authorized." (Emphasis sic.) State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus.
 Thus, according to Edmonson, a trial court is not required to give the reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before the court can lawfully impose more than the minimum authorized sentence. State v. Fitzpatrick (Dec. 2, 2000), Lake App. No. 99-L-164, unreported, at 9, 2000 Ohio App. LEXIS 5608. Rather, when sentencing a person to first-time imprisonment, the trial court merely has to state somewhere on the record that one or both of the reasons set forth in R.C. 2929.14(B) justifies a sentence which is longer than the minimum. Fitzpatrick at 9-10. In other words, a trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two statutorily sanctioned reasons. Edmonson at 326.
After reviewing the sentencing entry, it is apparent that the trial court fully complied with R.C. 2929.14(B) when deviating from the minimum sentence. Specifically, the court stated that "pursuant to Revised Code section 2929.14(B) * * * the shortest prison term will demean the seriousness of [appellant's] conduct." Moreover, contrary to appellant's assertions, the record adequately supports the trial court's finding with respect to R.C. 2929.14(B). As a result, appellant's first assignment of error is not well-taken.
In assignment of error two, appellant argues that the trial court erred when it sentenced him to consecutive sentences without making the statutorily mandated findings. Appellant claims that the trial court did not provide any reasons for imposing consecutive sentences, and that the absence of such findings makes the sentence contrary to law.
R.C. 2929.14(E)(4) provides in relevant part:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 When a trial court decides to impose consecutive sentences under R.C. 2929.14, the court must also follow the requirements set forth in R.C. 2929.19(B). Fitzpatrick at 14-15. In particular, R.C. 2929.19(B)(2)(c) requires that the trial court justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting that particular sentence. State v. Hoskins (Mar. 16, 2001), Ashtabula App. No. 2000-A-0037, unreported, at 9, 2001 Ohio App. LEXIS 1232.
Here, the sentencing entry contains the following discussion with respect to the factors under R.C. 2929.14(E)(4):
 "1. Consecutive sentences are necessary to protect the public from future crime or to punish [appellant] and are not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public, and
 "2. The harm caused by the multiple offenses caused by [appellant] was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of [appellant's] conduct."
 The transcript of the sentencing hearing is also very brief. After discussing why appellant was not amenable to community control sanctions and that minimum sentences would demean the seriousness of the offenses and would not adequately protect the public, the trial court stated the following:
 "The Court finds also that consecutive sentences are necessary in order to protect the public, would punish the offender and are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public."
 As can be seen from the sentencing entry and transcript, the trial court made an effort to comply with R.C. 2929.14(E)(4) by finding that consecutive sentences were necessary to protect the public from future crime and are not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. Moreover, the trial court also found that the harm caused by appellant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of appellant's conduct. However, nowhere in the record is there any indication as to why the trial court made those findings.
Thus, because the trial court did not give its reasons, in accordance with R.C. 2929.19(B)(2)(C), for imposing consecutive sentences, appellant's second assignment of error has merit. As a result, on remand, the trial court is instructed to give its reasons, on the record, for selecting consecutive sentences. State v. Watson (Aug. 4, 2000), Ashtabula App. No. 98-A-0071, unreported, at 7-8, 2000 Ohio App. LEXIS 3525.
Based on the foregoing analysis, the judgment of the trial court is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion.
 __________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.