OPINION
Susan Daws appeals from the trial court's denial of her new trial motion. Daws was convicted in 1997 of one count of voluntary manslaughter with a gun specification. The conviction stemmed from her shooting Karen Houseman. Ms. Daws was acquitted of the charge of voluntary manslaughter of her former husband, Dwayne Daws. Her conviction was affirmed by this court. State v. Susan M. Daws (Nov. 26, 1997), Mont. App. No. 16270, unreported.
On November 20, 2000, Ms. Daws filed a motion for a new trial contending that her conviction was legally inconsistent with her acquittal in the manslaughter involving her former husband. The trial court overruled the motion without elaboration on January 5, 2001. This appeal followed.
In her appeal, Ms. Daws argues the trial court should have granted her a new trial because the jury's verdict of guilt as to the death of Karen Houseman was legally "inconsistent" with its verdict of acquittal of the charge involving the death of Dwayne Daws. She argues that if she proved her defense of self-defense as to the killing of Dwayne Daws she must have proven it also as to the killing of Karen Houseman.
The State argues that Ms. Daws' assignment is essentially a weight of the evidence argument which she should have raised on direct appeal and is barred by the defense of res judicata. We agree. Secondly, the State argues that Daws' new trial motion was also untimely under Crim. R. 33.
Crim. R. 33(A)(4) provides that a new trial may be granted on motion of the defendant on grounds that the verdict is not sustained by sufficient evidence or is contrary to law. The new trial motion must be made within fourteen days after the verdict was rendered unless it is made to appear by clear and convincing evidence that the defendant was unavoidably prevented from filing the motion within the time provided. See, Crim. R. 33(B). Ms. Daws did not offer an explanation to the trial court for the lateness of her new trial motion.
It is also important to note that the offenses in this case were charged as separate counts in the indictment. This court has noted that "an inconsistency in a verdict cannot arise out of inconsistent responses to different counts." State v. Washington (1998), 126 Ohio App.3d 264,276, citing State v. Brown (1984), 12 Ohio St.3d 147. "* * *[A]n inconsistency can only arise when the jury gives inconsistent responses to the same count" because "each count in an indictment charges a distinct offense and is independent of all other counts." Washington, at 276.
The appellant has failed to demonstrate to us that the trial court erred in its resolution of her new trial motion. The assignment of error must be overruled.
Judgment of the trial court is Affirmed.
FAIN, J., and GRADY J., concur.